FILED

2019 Mar-04  PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| SUZANNE BORDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| WAL-MART ASSOCIATES, INC., | ) | |
| et al. | ) | JURY DEMAND REQUESTED |
| | ) | |
| Defendants. | ) | |

---

## NOTICE OF REMOVAL

---

**COMES NOW WAL-MART STORES EAST, L.P.,** incorrectly designated in the Complaint as **"WAL-MART ASSOCIATES, INC."** (hereinafter **"WAL-MART"**), the Defendant in the above-styled cause, and pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of its removal of this action within 30 days of service from the Circuit Court of Etowah County, Alabama, where it is pending as case number CV-2019-900082, to the United States District Court for the Northern District of Alabama, Middle Division. Pursuant to 28 U.S.C. §1446(a), the entire state court record, which includes copies of all process, pleadings, and orders served on the Defendant, is attached as **Exhibit A** to this

Notice.

As grounds for this removal, Defendant Wal-Mart states as follows:

1.    Plaintiff Suzanne Borden initiated this action on February 4, 2019 by filing a Summons and Complaint in the Circuit Court of Etowah County, Alabama. The Plaintiff alleges that while shopping at the Atalla, Alabama Wal-Mart store on June 2, 2017, "her foot became wedged in the side opening of a wooden pallet" which caused her to fall. (Plaintiff's Complaint, ¶¶ 7-8. The Plaintiff asserts claims against Wal-Mart for negligence and wantonness and "is seeking compensation **well in excess** of the minimum jurisdiction requisites of this Court's jurisdiction." (Plaintiff's Complaint, ¶ 5)(emphasis added).

2.    On February 4, 2019, approximately two hours after the original Complaint was filed, the Plaintiff amended her Complaint. To the Defendant's knowledge, the Amended Complaint asserts the same claims and damages as the original pleading. (Plaintiff's First Amended Complaint).

3.    The Plaintiff claims that she "sustained severe and permanent injuries about her body, including a right intertrochanteric hip fracture, for which she has undergone surgery." (Plaintiff's First Amended Complaint, ¶ 8). The "Damages" section of the amended pleading alleges:

> 13.    As a result of the negligent and/or wanton acts or omissions of one or all of the Defendant(s), the Plaintiff suffered physically and emotionally, and now seeks to recover for the following injuries and damages:

(a) Past medical expenses;

(b) Future medical expenses;

(c) Past and future wage loss including permanent impairment of earning capacity;

(d) Permanent physical disability;

(e) Past and future physical pain and mental anguish; and

(f) Other damages allowed by law.

(Plaintiff's Amended Complaint, ¶ 13).

4.  The Plaintiff further claims in the "Damages" section of the Plaintiff's

First Amended Complaint:

15.  As damages, the Plaintiff seeks fair and reasonable compensation, and respectfully demands the following relief against the Defendant(s):

A. Compensatory damages **well in excess** of this Court's jurisdictional minimum;

B. Punitive damages in an amount to be determined by a

jury at trial;

C. All costs and interest allowed by law;

D. All such other relief to which the Plaintiff is entitled, and as this Court may deem appropriate and equitable.

(Plaintiff's Amended Complaint, ¶ 15).

5.  This removal is based on diversity of citizenship and the amount in

controversy exceeds $75,000.00 exclusive of interests and costs.

6.     Pursuant to 28 U.S.C. §§ 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. See U.S.C. §§ 1441(a)("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending").

7.     This Court has original federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.     The United States District Court of the Northern District of Alabama, Middle Division, encompasses the Circuit Court of Etowah County, Alabama.

9.     Because the Plaintiff and the Defendant are citizens of different states, and no other named or served defendant is a citizen of Alabama, there is complete diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441(b).

10.    The Plaintiff is a legal resident of the State of Alabama. (Plaintiff's First Amended Complaint, ¶ 1). Therefore, the Plaintiff is a citizen of Alabama for diversity of citizenship purposes.

11.    Defendant Wal-Mart Stores East, L.P. is a limited liability partnership organized under the laws of Delaware with its principal place of business in Arkansas. It operates the Atalla, Alabama Wal-Mart store. Wal-Mart Associates, Inc. is a foreign corporation incorporated under the laws of Delaware with its previous place of business in Arkansas.  Wal-Mart Associates, Inc. does not own or operate the subject Wal-Mart store. Therefore, for diversity of citizenship purposes, Wal-Mart was, at the time of the filing of the Complaint and its amendment, a citizen of the states of Delaware and Arkansas.

12.    Although the Plaintiff has not specified the dollar amount that she seeks to recover, it is facially apparent from the Complaint and its amendment that the Plaintiff's claims for negligence and wantonness exceed the amount in controversy threshold of  28 U.S.C. § 1332. The Plaintiff has had surgery for a right intertrochanteric hip fracture. She is seeking compensatory damages "**well in excess**" of the jurisdictional limits of state court and is seeking punitive damages. She claims she has "severe and permanent injuries about her body," that she has suffered physically and emotionally, that she has incurred medical expenses and will incur medical expenses in the future, that she lost wages, will continue to lose wages and is permanently impaired in her earning capacity, that she is permanently physically disabled and has suffered physical and mental pain and anguish and will continue to so suffer.

13.    Upon information and belief, the Plaintiff is 57 years old and is employed as a Registered Nursing Supervisor at Public Health and as an R.N. at Gadsden Regional Medical Center. (Attached hereto collectively as Ex. B are documents obtained from the Alabama White Pages and Facebook after conducting an internet search on "Suzanne Borden Gadsden Alabama"). According to the Indeed website, a registered nurse at Gadsden Regional Medical Center makes $42,972 per year. (Attached hereto as Ex. C is a document obtained from Indeed after conducting an internet search on "registered nurse yearly salary in Gadsden").

16.    Prior to filing suit, the Plaintiff made a settlement demand of $2.5 million. (Attached hereto as Ex. D is a true and correct copy of correspondence dated August 17, 2018 from Plaintiff's counsel). In the demand letter, Plaintiff's counsel states in pertinent part:

> As a result of her fall, she suffered a right hip fracture, requiring surgery and the installation of hardware to repair the fracture. Despite a long road to recovery through physical therapy, she never returned to baseline with the use of right lower extremity and she remains permanently injured.
>
> *    *    *    *    *
>
> Even more concerning, however, is that a Russell County, Alabama, jury recently returned a $7.5 million verdict against Wal-Mart in case that is factually similar to this case. *See* "Phenix City man fell while buying a watermelon. Now Walmart will pay him $7.5 million," *Columbus Ledger-Enquirer*, November 8, 2017 (https://www.ledger-enquirer.com/news/local/article183571.html). The jury in that case

awarded $2.5 million in compensatory damages and $5million in punitive damages to the plaintiff for his injuries, which included a broken foot and hip.

Likewise, Ms. Borden hereby demands $2.5 million to settle her personal injury claims against your insured. In support of this demand, please consider the attached documents. (*See* attached document table).

\*   \*   \*   \*   \*

Additionally, as of March 26, 2018, the charges submitted by the medical providers who treated Ms. Borden's injuries total $188,325.96. Of which, her insurer Blue Cross Blue Shield, maintains a subrogation lien in the amount of $42,643.90. Ms. Borden has spent $1,272.65 in co-payments and deductibles out of her own pocket for this treatment. . . .

Ex. D.

17.   To meet its burden of satisfying the requirements of § 1332, including the requisite amount in controversy, by a preponderance of the evidence, Wal-Mart is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Rather, the necessary jurisdictional showing is: (1) that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum;" or (2) that there is "additional evidence demonstrating that removal is proper." Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).

18.   The evidence submitted by Wal-Mart includes a settlement demand well in excess of the jurisdictional limits of this Court as well as Plaintiff's

counsel's representation that the Plaintiff has medical bills which are almost $200,000. Further, the Plaintiff's allegations are facially apparent that the amount in controversy is in excess of the jurisdictional limits of this Court.

19.    In Calvert v. XTRA Lease, LLC, 2018 U.S. Dist. LEXIS 215404, 2018 WL 6725328 (N.D. Ala. Dec. 21, 2018), Judge Madeline Haikala held that it was "facially apparent" the plaintiff was seeking damages in excess of the jurisdictional limits of federal court based on similar claims of damage in a plaintiff's complaint. Id. at *3, n.1 ("It is facially apparent from Mr. Calvert's complaint that he seeks more than $75,000 in damages. . . . Mr. Calvert seeks compensatory damages for lost wages, significant permanent injuries, substantial medical expenses, and extreme pain and suffering. . . . Mr. Calvert also seeks punitive damages. . . . These allegations are sufficient to meet § 1332's amount in controversy threshold")(citations omitted).

20.    Similarly, in Ward v. Boston Sci. Corp., 2018 U.S. Dist. LEXIS 215031, 2018 WL 6696679 (S.D. Ala. Dec. 19, 2018), Judge William H. Steele held that it was facially apparent from the plaintiff's complaint that the amount in controversy was met with the following allegations:

> In removing this action to federal court, Boston Scientific relies on the former approach by maintaining that it is facially apparent from the allegations of Ward's Complaint that the amount in controversy exceeds $75,000. Defendant observes that, while the Complaint does not quantify the damages sought, it alleges that 'Plaintiff had a heart attack because the Stent failed' and that he underwent a surgical procedure in January 2017 for

implantation of a new stent. . . . The Complaint further alleges that because of Boston Scientific's wrongful conduct concerning the stent, Ward 'has sustained and will continue to sustain severe and debilitating injuries, serious bodily injury, mental and physical pain and suffering and has incurred economic loss.' . . . Plaintiff demands compensatory and punitive damages.

Id. at *5-6.

21.    The Plaintiff's medical bills, which are almost $200,000, her $2.5 million settlement demand, and the allegations of the Plaintiff's First Amended Complaint clearly establish that the amount in controversy requirement is met. The Plaintiff alleges that she has undergone hip surgery and is permanently disabled. She contends that she has lost income as a registered nurse and that her earning capacity as an R.N. has been permanently impaired. The Plaintiff is 57 years old. If she retired at age 60, her lost wages would be in excess of the jurisdictional limits of this Court. The Plaintiff claims that Wal-Mart's actions caused her to "sustain significant permanent injuries and damages," and that Wal-Mart's conduct was "carried out with a reckless, conscious, and/or deliberate disregard for the rights and safety of the Plaintiff." (Plaintiff's First Amended Complaint, ¶ 14). As stated by Judge Steele:

Where, as here, a plaintiff claims that a corporate defendant's [conduct which] necessitated surgery . . ., and where that plaintiff claims to have sustained severe and debilitating injuries for which [s]he seeks compensatory and punitive damages, logic, common sense and judicial experience all lead inexorably to the conclusion that the amount in controversy more likely than not exceeds $75,000. See, e.g., Roe, 613 F.3d at 1064 ('when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-

controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate'). After all, '[t]he law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life.' <u>Pretka</u>, 608 F.3d at 754. To be sure, the $75,000 threshold cannot be deemed satisfied through mere 'conjecture, speculation, or star gazing.' <u>Id.</u> But the Eleventh Circuit has explained that 'viewing facts through the lens of common sense is not star gazing,' and has emphasized that district courts need not 'suspend reality or shelve common sense' in evaluating whether a pleading establishes the jurisdictional amount on its face. <u>Id.</u> at 770; <u>see also</u> <u>Roe</u>, 613 F.3d at 1062 (confirming that 'courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements').

<u>Ward</u>, 2018 U.S. Dist. LEXIS 215031, at *6-7.

22.    The factual allegations in the Plaintiff's First Amended Complaint show that she seeks to recover for serious injuries and invasive medical procedures caused by Wal-Mart alleged tortious conduct based on the placement of a wooden pallet with a side opening in the produce section of its store. Viewed through the lens of judicial experience and common sense, these allegations readily establish that the amount in controversy exceeds the jurisdictional minimum under 28 U.S.C. § 1332. <u>See, e.g.</u>, <u>South Florida Wellness, Inc. v. Allstate Ins. Co.</u>, 745 F.3d 1312, 1317 (11th Cir. 2014)("Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision.").

23.    Pursuant to 28 U.S.C. § 1446(d), Wal-Mart will file a Notice of Filing Notice of Removal with the Circuit Court of Etowah County, Alabama. Copies of the Notice of Filing of this Notice of Removal, together with this Notice of

Removal, are being served upon all counsel of record pursuant to 28 U.S.C. § 1446(d).

24.     Wal-Mart reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Wal-Mart prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Etowah County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in the Circuit Court of Etowah County.

/s/Marda W. Sydnor
**MARDA W. SYDNOR**
Attorney for Defendant
Wal-Mart Stores East, L.P.

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

SUZANNE BORDEN,                          )
                                         )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )      CIVIL ACTION CV 2019-900082
                                         )
WAL-MART ASSOCIATES, INC., et al.,       )
                                         )
    Defendants.                          )


## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   CLERK OF CIRCUIT COURT AND ALL PARTIES HERETO AND THEIR
      ATTORNEYS:

      PLEASE TAKE NOTICE that on this 4th day of March, 2018, Defendant WAL-

MART STORES EAST, L.P., also incorrectly designated in the Complaint as "WAL-

MART ASSOCIATES, INC. " filed in the United States District Court for the Northern

District of Alabama, Middle Division, its Notice of Removal of this action to that Court. Full and

true copies of said Notice of Removal, including all exhibits, are herewith served upon you.

                              /s/ Marda W. Sydnor
                              **MARDA W. SYDNOR**
                              Attorney for Defendant

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Mr. James Michael Perry
Wettermark & Keith, LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
mperry@wkfirm.com

This the 4th day of March, 2019.


/s/ Marda W. Sydnor

# DEFENDANT'S
# EXHIBIT A

ELECTRONICALLY FILED
2/4/2019 10:12 AM
31-CV-2019-900082.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| SUZANNE BORDEN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO:_____ |
| | ) |
| WAL-MART ASSOCIATES, INC., | ) JURY DEMAND |
| a corporation; ABC, being the person, firm | ) |
| or corporation which owned, operated, or | ) |
| controlled the WAL-MART Store located at | ) |
| 973 Gilbert's Ferry Road in Atalla, Alabama | ) |
| on June 2, 2017;  DEF, being the person, | ) |
| firm, or corporation who was responsible for | ) |
| maintaining and keeping the aisles of the | ) |
| WINN-DIXIE Store located at 973 Gilbert's | ) |
| Ferry Road in Atalla, Alabama free of debris | ) |
| and/or tripping and/or slipping hazards at the | ) |
| time of the Plaintiff's injury; and | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

### I.    PARTIES

1.    The Plaintiff, SUZANNE BORDEN, is an individual resident and citizen of Etowah County, Alabama.

2.    The Defendant, WAL-MART ASSOCIATES, INC., (hereinafter referred to as "Wal-Mart"), is a foreign corporation that owns, operates, and/or manages the Wal-Mart store located in Atalla, Alabama, where the events forming the basis of this lawsuit occurred.

3. ·    Upon the information and belief, the fictitious Defendants, ABC and DEF are individual citizens and/or corporate entities doing business in the State of Alabama.

4.    The events forming the basis of this lawsuit occurred in Etowah County, Alabama.

5.      The Plaintiff is seeking compensation well in excess of the minimum jurisdiction requisites of this Court's jurisdiction.

## II.      FACTS

6.      On or about June 2, 2017, the Plaintiff, Suzanne Borden, was a business invitee on the premises of the Wal-Mart store located at 973 Gilbert's Ferry Road in Atalla, Alabama.

7.      While inside the store, Borden attempted to pick up a watermelon from a bin.  As she reached into the bin, her foot became wedged in the side opening of a wooden pallet that a Wal-Mart employee had placed beneath the box.

8.      As a direct and proximate cause of the placement of this wooden pallet with side opening, Ms. Bordon fell and sustained severe and permanent injuries about her body, including a right intertrochanteric hip fracture, for which she has undergone surgery.

## III.      FIRST CAUSE OF ACTION
### (WAL-MART ASSOCIATES, INC., ABC, and/or DEF - Negligence/Wantonness)

9.      Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

10.     The Plaintiff avers that all of her injuries and damages were proximately caused by the negligence and/or wantonness of the Defendant(s) Wal-Mart, fictitious Defendant ABC, fictitious Defendant DEF, and/or their agents, servants, or employees while acting within the line and scope of their employment for said Defendant(s).

11.     At the time of the incident which is the subject of this action, Ms. Borden was a business invitee on the premises of the Winn-Dixie store located in Atalla, Alabama.  All of her injuries and damages were caused by the negligent and/or wanton failure of the Defendant(s), Wal-Mart, ABC, and/or DEF.

12.     Plaintiff avers that the negligence and/or wantonness of Defendants Wal-Mart, ABC, DEF, and /or their agents, servants, or employees, includes but is not limited to the following actions and/or omissions:

(A)     Failing to exercise reasonable care to provide and maintain reasonably safe premises for the use of Borden, its customer;

(B)     Failing to properly inspect its premises for trip hazards;

(C)     Creating a fall hazard (i.e. by placing a wooden pallet, with an exposed opening in its base) on the floor of its customer shopping area and failing to eliminate said hazard prior to Plaintiff's fall;

(D)     Failing to follow its own training and/or policies/procedures;

(E)     Failing to properly train its employees on preventing, correcting and/or warning of fall hazards like the one created by the wooden pallet;

(F)     Failing to implement policies and/or procedures to allow for timely inspection, removing, and/or warning of hazardous conditions on its premises;

(G)     Failing to warn its business patrons of hazardous conditions on its premises;

(H)     It was otherwise negligent and/or wanton.

## IV.     DAMAGES

13.     As a result of the negligent and/or wanton acts or omissions of one or all of the Defendant(s), the Plaintiff suffered physically and emotionally, and now seeks to recover for the following injuries and damages:

(a)     Past medical expenses;

(b)     Future medical expenses;

   (c)     Past and future wage loss including permanent impairment of earning capacity;

   (d)     Permanent physical disability;

   (e)     Past and future physical pain and mental anguish; and

   (f)     Other damages allowed by law.

14. The acts and/or omissions of the Defendant, one or more of them, which caused the Plaintiff to slip, fall, and subsequently sustain significant permanent injuries and damages, were carried out with a reckless, conscious, and/or deliberate disregard for the rights and safety of the Plaintiff. Therefore, the Defendant's actions and/or omissions are considered "wanton" under Alabama law, which gives rise to an award of punitive damages under Title 6, Section 6-11-20 of the Alabama Code.

15. As damages, the Plaintiff seeks fair and reasonable compensation, and respectfully demands the following relief against the Defendant(s):

   A.     Compensatory damages well in excess of this Court's jurisdictional minimum;

   B.     Punitive damages in an amount to be determined by a jury at trial;

   C.     All costs and interest allowable by law;

   D.     All such other relief to which the Plaintiff is entitled, and as this Court may deem appropriate and equitable.

## V. JURY DEMAND

**14.     The Plaintiff demands trial by jury.**

s/ James Michael Perry

JAMES MICHAEL PERRY (PER089)
**WETTERMARK & KEITH, LLC**
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone:     205-933-9500
Facsimile:      205-994-7256
Email:           mperry@wkfirm.com

**PLAINTIFF'S ADDRESS:**
Suzanne Borden


**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**
WAL-MART ASSOCIATES, INC.
c/o CT Corporation System
2 N. Jackson St., Ste 605
Montgomery, Alabama  36104

ELECTRONICALLY FILED
2/4/2019 10:12 AM
31-CV-2019-900082.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| SUZANNE BORDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO:_____ |
| | ) JURY DEMAND:_____ |
| WAL-MART ASSOCIATES, INC., | ) |
| a corporation; ABC, being the person, firm | ) |
| or corporation which owned, operated, or | ) |
| controlled the WAL-MART Store located at | ) |
| 973 Gilbert's Ferry Road in Atalla, Alabama | ) |
| on June 2, 2017;  DEF, being the person, | ) |
| firm, or corporation who was responsible for | ) |
| maintaining and keeping the aisles of the | ) |
| WINN-DIXIE Store located at 973 Gilbert's | ) |
| Ferry Road in Atalla, Alabama free of debris | ) |
| and/or tripping and/or slipping hazards at the | ) |
| time of the Plaintiff's injury; and | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT WAL-MART ASSOCIATES, INC.

COMES NOW the Plaintiff, Suzanne Borden, pursuant to Rule 33 of the Alabama Rules

of Civil Procedure, and propounds the following Interrogatories to the Defendant Wal-Mart

Associates, Inc., (hereinafter referred to as "Wal-Mart") as follows:

1.     Is this Defendant correctly named in this lawsuit?  If not, provide the correct

name of the Defendant who operates the Wal-Mart store located at 973 Gilbert's Ferry Road in

Atalla, Alabama?

**ANSWER:**

2.     Please state the full name, address, job title, and present employer of each person

answering and assisting in answering these interrogatories on behalf of this Defendant.

**ANSWER:**

3.      State the name and address of the owner of the al-Mart store located at 973 Gilbert's Ferry Road in Atalla, Alabama, which is the subject of this suit.

           **ANSWER:**

4.      State the name and address of the person or entity in exclusive possession and/or control of the al-Mart store located at 973 Gilbert's Ferry Road in Atalla, Alabama on June 2, 2017, at the time of the subject incident.

**ANSWER:**

5.      State the name and address of the person or entity, including manager(s) and/or supervisor(s), in control of that area of the premises where the subject incident occurred, at the time of said occurrence.

**ANSWER:**

6.      State the name and address of each person, including experts, having any knowledge of relevant facts related to the incident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**ANSWER:**

7.      State the name, address, and telephone number of any persons who witnessed the occurrence in question.

**ANSWER:**

8.      State the name and address of any potential party to this lawsuit, not already named as a party hereto.

**ANSWER:**

9.      Please state whether you have a copy of any statement which the Plaintiff has previous made concerning this action or its subject matter which is in your possession, custody, or control.

For the purpose of this question, a statement previously made includes (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**ANSWER:**

10.     Describe any insurance agreement under which any insurance business/carrier may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**ANSWER:**

11.     Describe in your own words how the incident made this basis of this suit occurred and state specifically, and in detail, what the claim or contention of the Defendant will be regarding the cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER:**

12.     Describe in detail any conversations you have had with the Plaintiff, or any representative of the Plaintiff, following the incident in question.

**ANSWER:**

13.     State the full name, current address, telephone number, qualifications, and present employment of each person who you expect to call as an expert witness at the trial of this case, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert.

**ANSWER:**

14.     Please state the full name, correct title, and position within the organizational structure of this Defendant, of the person answering the questions contained herein, including in you answer the title(s)/position(s) held at the present time and on the date of the occurrence in question.

**ANSWER:**

15.     Please state the full and correct name of the Defendant's corporate entity, the date on which incorporated, the state of incorporation, the names and addresses of all officers, and when the corporation was licensed to do business in the State of Alabama.

**ANSWER:**

16.     Please describe in detail any previous incidents of which the Defendant is aware which occurred in substantially the same or similar way as the Plaintiff's incident during the five (5) year period immediately preceding the subject incident.

**ANSWER:**

17.     Please describe in detail any changes that have been made by the Defendant to the physical site of the incident, to the warnings or signs relating thereto, and/or to the policies or procedures for maneuvering pallets, boxes, and/or products through the aisles and near customers, since the occurrence in question.

**ANSWER:**

18.     If you have entered into or reached any type of settlement agreement with any person or entity (whether a party to this lawsuit or not) regarding the incident made the basis of this lawsuit, please identify all parties to said settlement agreement and the terms and conditions of such settlement agreement.

**ANSWER:**

19.     Did the Defendant conduct an investigation of the incident which forms the basis of this suit? If so, please indicate what said investigation revealed/concluded concerning the cause of the subject incident.

**ANSWER:**

20.     Is it, or was it at the time of the incident made the basis of this lawsuit, the regular course of business and standard procedure for the Defendant to investigate any accident on the premises wherein somebody was injured?

**ANSWER:**

21.     If there was an investigation made of the incident that forms the basis of this suit, please state whether the Defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which Defendant was aware at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

**ANSWER:**

22.     Please state the name of the person or persons who conducted the investigation of the occurrence in question.

**ANSWER:**

23.     What is the Defendant's contention as to the cause of the incident which forms the basis of this suit?

**ANSWER:**

24.     When was the date and time of the last inspection by Defendant, its agents or employees, of the physical site where this incident occurred?

**ANSWER:**

25.     Please state why the floor was wet and/or slippery at the time of the subject incident.

**ANSWER:**

26.     Describe what efforts the Defendant made to warn and/or prevent the condition which Plaintiff alleges to be the cause of the occurrence in question.

**ANSWER:**

27.     Please describe any claims or lawsuits that have heretofore been brought against this Defendant by reason of an accident or injury at the same or similar location, or a similar type of accident on the Defendant's premises at some other location, within the last five (5) years.

**ANSWER:**

28.     What efforts were made by the Defendant, _prior_ to the subject incident, to correct the condition which Plaintiff contends caused the occurrence in question?

**ANSWER:**

29.     What efforts were made by the Defendant, _after_ to the subject incident, to correct the practice and/or condition which Plaintiff contends caused the occurrence in question?

**ANSWER:**

30.   Did the Defendant have any safety procedures, guidelines, and/or protocols regarding the cleaning and/or cleanup of the floors within the store at the time of the subject incident? If so, please identify in detail said procedures, guidelines, and/or protocols and how they are enforced by this Defendant.

**ANSWER:**

31.   Please identify all photographs, motion pictures, video TV recordings, surveillance videos, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

**ANSWER:**

32.   Please list the names and addresses of all managers or persons having supervisory authority at the subject Winn-Dixie store in Clanton, Alabama on the date of the occurrence made the basis of this suit, regardless of whether he/she was on duty at the time of the accident made the basis of this suit.

**ANSWER:**

33.   Please describe what training procedures, if any, are followed in the course of training of the Defendant's employees with regard to the safety procedures/requirements concerning the cleaning and/or cleanup of the floors within the store that are accessible to the general public (customers). This includes any and all written material, handbooks, hand-outs,

pamphlets, memos, slides, photographs, films, videotapes, etc. which Defendant utilizes in training its employees.

**ANSWER:**

     34.     If a report was made by an employee of Defendant in the ordinary course of business with respect to Plaintiff's accident, state the name and address of the person who made the report, the date thereof, and in whose custody it is.

**ANSWER:**

     35.     Have you executed the attached verification form as part of your answers to these Interrogatories?

**RESPONSE:**

                         s/ James Michael Perry
                         JAMES MICHAEL PERRY (PER089)
                         WETTERMARK & KEITH, LLC
                         3595 Grandview Parkway, Suite 350
                         Birmingham, AL 35243
                         Telephone:   205-933-9500
                         Facsimile:   205-994-7256
                         Email:        chris@wkfirm.com

## VERIFICATION

I, _____, have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Subscribed and sworn to under the pains and penalties of perjury this ___ day of _____, 2019.

_____
Signature

_____
Printed Name

_____
Job Title

_____
Notary Public

My Commission Expires: _____



ELECTRONICALLY FILED
2/4/2019 10:12 AM
31-CV-2019-900082.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

SUZANNE BORDEN,              )
                               )
        Plaintiff,          )
                               )
v.                              )  CASE NO:_____
                               )  JURY DEMAND:
WAL-MART ASSOCIATES, INC., )
a corporation; ABC, being the person, firm   )
or corporation which owned, operated, or   )
controlled the WAL-MART Store located at )
973 Gilbert's Ferry Road in Atalla, Alabama )
on June 2, 2017;  DEF, being the person,   )
firm, or corporation who was responsible for )
maintaining and keeping the aisles of the  )
WINN-DIXIE Store located at 973 Gilbert's )
Ferry Road in Atalla, Alabama free of debris )
and/or tripping and/or slipping hazards at the )
time of the Plaintiff's injury; and       )
                               )
        Defendants.         )

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART ASSOCIATES, INC.

COMES NOW the Plaintiff, SUZANNE BORDEN, by and through undersigned counsel, and pursuant to Rule 34 of the Alabama Rules of Civil Procedure, and requests that the Defendant WAL-MART ASSOCIATES, INC. (hereinafter referred to as "Wal-Mart") produce, or make available for inspection and copying, the following documents:

    1.    Any contract(s) between the owner(s) of the subject Wal-Mart store and the Defendant(s) at the time of the Plaintiff's injury, and for the year immediately preceding the Plaintiff's injury.

**RESPONSE:**

    2.    Any contract(s) between the Defendant and any staffing agency/service in effect at the time of the Plaintiff's injury, which provided employees to the Defendant for cleaning,

clearing, cleanup, and/or upkeep of the floor(s), aisles, and/or flooring area(s) within the store, for the year immediately preceding and including the date of the Plaintiff's injury.

**RESPONSE:**

3.      Any indemnity agreement between any party to this lawsuit and any nonparty which is relevant to the accident and injuries made the basis of this suit.

**RESPONSE:**

4.      All rules, management guidelines, operating guidelines, safety procedures, handbooks, hand-outs, pamphlets, memos, or other similar writings or documents that purport to show any safety standards/practices/protocols regarding the cleaning, clearing, cleanup, and/or upkeep of the floor(s), aisles, and/or flooring area(s) within the subject store.

**RESPONSE:**

5.      Any and all photographs, video(s), and/or any other media, including surveillance footage, that the Defendant has in its possession, which depicts the scene/location of incident, the Plaintiff at any time before, during, or after the occurrence of the subject incident, and/or the resulting injuries to the Plaintiff.

**RESPONSE:**

6.      Any and all expert reports which have been obtained from any expert, and if a report has not been prepared, the preparation of a report is hereby requested.

**RESPONSE:**

7.      Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

8.      Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**RESPONSE:**

9.      Any and all drawings, maps, sketches, and/or photographs of the scene of the incident made the basis of this lawsuit.

**RESPONSE:**

10.     Any and all settlement agreements wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

**RESPONSE:**

11.     A copy of any surveillance video(s), movie(s) or photographs which have been made/taken of the Plaintiff at any time by this Defendant, at this Defendant's request or instruction, or is currently in the possession of this Defendant.

**RESPONSE:**

12.     Any and all expert reports that were or will be reviewed by a testifying expert in this case.

**RESPONSE:**

13.     Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert.

**RESPONSE:**

14. Any and all work papers, notes, and/or documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report that is or will be relied upon in whole or in part by a testifying expert in this case.

**RESPONSE:**

15. All documents or tangible things prepared by any expert whom you expect to call as a witness, including, but not limited to, any report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

**RESPONSE:**

16. Any treatises and/or authoritative literature on which any expert intends to rely in his testimony in this case.

**RESPONSE:**

17. Copies of incident reports of any and all similar incidents prepared by any and all employees of the subject store in question for the five (5) year period prior to the incident made the basis of this lawsuit up to and through the present date.

**RESPONSE:**

18. A current copy of the curriculum vitae or resume of any expert who may be called to testify at trial.

**RESPONSE:**

19. All materials including, but not limited to, employee manuals, memoranda, and/or correspondence pertaining to safety rules and/or regulations to be followed by the employees of the Defendant to ensure customer safety in the Defendant's store.

**RESPONSE:**

20.    All documents pertaining to maintaining safe walkways and floors in the Defendant's store.

**RESPONSE:**

21.    All site inspection reports or other documents relating to the observation of site cleanliness and/or safety of the area in which the Plaintiff was injured, by any person or entity, including the Defendant, for the store in question, for a period of one year prior to, the day of, and one year subsequent to the date of the accident made the basis of this lawsuit.

**RESPONSE:**

22.    Produce any documents, reports, or other written records pertaining to any investigation that is not privileged at law. If there are documents, reports, or other written records pertaining to any investigation that is privileged at law, please produce a privilege log.

**RESPONSE:**

23.    Any and all books, documents, photographs, or other tangible things which may be used at the time of the trial, which may have any bearing on this cause of action.

**RESPONSE:**

24.    Any and all documents and/or tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

**RESPONSE:**

25.    All video surveillance footage, or otherwise, depicting the Plaintiff on the Defendant's premises on the day of the subject incident.

**RESPONSE:**

DOCUMENT 4

s/ James Michael Perry
JAMES MICHAEL PERRY (PER089)
WETTERMARK & KEITH, LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone:    205-933-9500
Facsimile:    205-994-7256
Email:        mperry@wkfirm.com


ELECTRONICALLY FILED
2/4/2019 12:24 PM
31-CV-2019-900082.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| SUZANNE BORDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO:_____ |
| | ) |
| WAL-MART ASSOCIATES, INC., | ) JURY DEMAND |
| a corporation; ABC, being the person, firm | ) |
| or corporation which owned, operated, or | ) |
| controlled the WAL-MART Store located at | ) |
| 973 Gilbert's Ferry Road in Atalla, Alabama | ) |
| on June 2, 2017;  DEF, being the person, | ) |
| firm, or corporation who was responsible for | ) |
| maintaining and keeping the aisles of the | ) |
| WAL-MART Store located at 973 Gilbert's | ) |
| Ferry Road in Atalla, Alabama free of debris | ) |
| and/or tripping and/or slipping hazards at the | ) |
| time of the Plaintiff's injury; and | ) |
| | ) |
| Defendants. | ) |
| | ) |

## FIRST AMENDED COMPLAINT

Plaintiff files this Amended Complaint to correct unintended and unnecessary references to "Winn-Dixie" in the complaint:

## I.     PARTIES

1.      The Plaintiff, SUZANNE BORDEN, is an individual resident and citizen of Etowah County, Alabama.

2.      The Defendant, WAL-MART ASSOCIATES, INC., (hereinafter referred to as "Wal-Mart"), is a foreign corporation that owns, operates, and/or manages the Wal-Mart store located in Atalla, Alabama, where the events forming the basis of this lawsuit occurred.

3.      Upon the information and belief, the fictitious Defendants, ABC and DEF are individual citizens and/or corporate entities doing business in the State of Alabama.

4.     The events forming the basis of this lawsuit occurred in Etowah County, Alabama.

5.     The Plaintiff is seeking compensation well in excess of the minimum jurisdiction requisites of this Court's jurisdiction.

## II.     FACTS

6.     On or about June 2, 2017, the Plaintiff, Suzanne Borden, was a business invitee on the premises of the Wal-Mart store located at 973 Gilbert's Ferry Road in Atalla, Alabama.

7.     While inside the store, Borden attempted to pick up a watermelon from a bin.  As she reached into the bin, her foot became wedged in the side opening of a wooden pallet that a Wal-Mart employee had placed beneath the box.

8.     As a direct and proximate cause of the placement of this wooden pallet with side opening, Ms. Bordon fell and sustained severe and permanent injuries about her body, including a right intertrochanteric hip fracture, for which she has undergone surgery.

## III.     FIRST CAUSE OF ACTION
### (WAL-MART ASSOCIATES, INC., ABC, and/or DEF - Negligence/Wantonness)

9.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

10.     The Plaintiff avers that all of her injuries and damages were proximately caused by the negligence and/or wantonness of the Defendant(s) Wal-Mart, fictitious Defendant ABC, fictitious Defendant DEF, and/or their agents, servants, or employees while acting within the line and scope of their employment for said Defendant(s).

11.     At the time of the incident which is the subject of this action, Ms. Borden was a business invitee on the premises of the Wal-Mart store located in Atalla, Alabama.  All of her

injuries and damages were caused by the negligent and/or wanton failure of the Defendant(s), Wal-Mart, ABC, and/or DEF.

12.    Plaintiff avers that the negligence and/or wantonness of Defendants Wal-Mart, ABC, DEF, and /or their agents, servants, or employees, includes but is not limited to the following actions and/or omissions:

(A)    Failing to exercise reasonable care to provide and maintain reasonably safe premises for the use of Borden, its customer;

(B)    Failing to properly inspect its premises for trip hazards;

(C)    Creating a fall hazard (i.e. by placing a wooden pallet, with an exposed opening in its base) on the floor of its customer shopping area and failing to eliminate said hazard prior to Plaintiff's fall;

(D)    Failing to follow its own training and/or policies/procedures;

(E)    Failing to properly train its employees on preventing, correcting and/or warning of fall hazards like the one created by the wooden pallet;

(F)    Failing to implement policies and/or procedures to allow for timely inspection, removing, and/or warning of hazardous conditions on its premises;

(G)    Failing to warn its business patrons of hazardous conditions on its premises;

(H)    It was otherwise negligent and/or wanton.

IV.    **DAMAGES**

13.    As a result of the negligent and/or wanton acts or omissions of one or all of the Defendant(s), the Plaintiff suffered physically and emotionally, and now seeks to recover for the following injuries and damages:

> (a)   Past medical expenses;
>
> (b)   Future medical expenses;
>
> (c)   Past and future wage loss including permanent impairment of earning capacity;
>
> (d)   Permanent physical disability;
>
> (e)   Past and future physical pain and mental anguish; and
>
> (f)   Other damages allowed by law.

14.   The acts and/or omissions of the Defendant, one or more of them, which caused the Plaintiff to slip, fall, and subsequently sustain significant permanent injuries and damages, were carried out with a reckless, conscious, and/or deliberate disregard for the rights and safety of the Plaintiff. Therefore, the Defendant's actions and/or omissions are considered "wanton" under Alabama law, which gives rise to an award of punitive damages under Title 6, Section 6-11-20 of the Alabama Code.

15.   As damages, the Plaintiff seeks fair and reasonable compensation, and respectfully demands the following relief against the Defendant(s):

> A.   Compensatory damages well in excess of this Court's jurisdictional minimum;
>
> B.   Punitive damages in an amount to be determined by a jury at trial;
>
> C.   All costs and interest allowable by law;
>
> D.   All such other relief to which the Plaintiff is entitled, and as this Court may deem appropriate and equitable.

## V.  JURY DEMAND

14.   **The Plaintiff demands trial by jury.**

s/ James Michael Perry
JAMES MICHAEL PERRY (PER089)
**WETTERMARK & KEITH, LLC**
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone:    205-933-9500
Facsimile:    205-994-7256
Email:        mperry@wkfirm.com

**PLAINTIFF'S ADDRESS:**
Suzanne Borden
███████████████

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**
WAL-MART ASSOCIATES, INC.
c/o CT Corporation System
2 N. Jackson St., Ste 605
Montgomery, Alabama  36104

ELECTRONICALLY FILED
3/4/2019 1:13 PM
31-CV-2019-900082.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| SUZANNE BORDEN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION CV 2019-900082 |
| | ) |
| WAL-MART ASSOCIATES, INC., et al., | ) |
| | ) |
|    Defendants. | ) |
| | ) |

---

### DEFENDANT WALMART'S ANSWER TO PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT

---

COMES NOW WAL-MART STORES EAST, L.P., incorrectly designated in the Complaint as WAL-MART ASSOCIATES, INC. (hereinafter "WALMART"), the Defendant in the above-styled cause, and in response to the Plaintiff's Complaint and First Amended Complaint, and to each count and paragraph thereof, separately and severally, states as follows:

### I. PARTIES

1. As this paragraph is a statement of the Plaintiff's residency and contains no allegation against the Defendant, it requires no response. To the extent this paragraph may be construed as asserting any allegation against the Defendant, it is denied.

2. Denied. Wal-Mart Store #316 in Attalla, Alabama is operated by Wal-Mart Stores East, L.P., which is a limited partnership organized under the laws of Arkansas and authorized to do business in the State of Alabama. Wal-Mart Associates, Inc. neither owns nor operates the store where the subject incident occurred.

3.      As this paragraph appears to be list of fictitious defendants, it requires no response from the Defendant.  To the extent this paragraph could be interpreted as making an allegation against the Defendant, it is denied.

4.      Admitted.

5.      It is admitted that the Plaintiff appears to be seeking an amount "well in excess of the minimum jurisdiction requisites of this court's jurisdiction."

## II. FACTS

6.      Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph related to Plaintiff's status as a business invitee and, therefore, must deny the same and demand strict proof thereof.

7.      Denied.

8.      Denied.

## III. FIRST CAUSE OF ACTION
### (WAL-MART ASSOCIATES, INC., ABC, and/or DEF, Negligence/Wantonness)

9.      Defendant adopts and incorporates by reference its response to all previous paragraphs as if fully set out herein.

10.     Denied.

11.     Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph related to Plaintiff's status as a business invitee and, therefore, must deny the same and demand strict proof thereof.  All other allegations of this paragraph are denied.

12.     Denied.

## IV. DAMAGES

13.   Defendant denies that Plaintiff is entitled to the relief requested in this paragraph.

14.   Denied.

15.   Defendant denies that Plaintiff is entitled to the relief requested in this paragraph.

## V. JURY DEMAND

14. (sic) This paragraph is the Plaintiff's demand for trial by jury and requires no response from the Defendant.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

**DEFENDANT WAL-MART** asserts the following affirmative and additional defenses, reserving the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate as discovery progresses:

## FIRST DEFENSE

The Complaint and First Amended Complaint fail to state a claim against the Defendant upon which relief can be granted.

## SECOND DEFENSE

The Defendant denies each and every material averment of the Plaintiff's Complaint and First Amended Complaint and demands strict proof thereof.

## THIRD DEFENSE

The Defendant denies that it was guilty of negligence as is alleged in the Complaint and First Amended Complaint, and denies further that any such alleged negligence on its part proximately caused or proximately contributed to cause the injuries and damages referred to in the Complaint and First Amended Complaint.

3

## FOURTH DEFENSE

The Defendant denies that it was guilty of wantonness as is alleged in the Complaint and First Amended Compliant and denies further that any such alleged wantonness on its part proximately caused or proximately contributed to cause the injuries and damages referred to in the Complaint and First Amended Complaint.

## FIFTH DEFENSE

The Defendant avers that there is no causal relationship between the actions of the Defendant and the injuries and damages referred to in the Complaint and First Amended Complaint.

## SIXTH DEFENSE

The Defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of the Defendant.

## SEVENTH DEFENSE

The Defendant avers that the Plaintiff was herself guilty of negligence in connection with the claims asserted in the Complaint and First Amended Complaint, and that such negligence on her part proximately caused or proximately contributed to cause the injuries and damages referred to in the Complaint and First Amended Complaint.

## EIGHTH DEFENSE

Defendant denies that the Plaintiff was injured and/or damaged to the nature and extent claimed in the Plaintiff's Complaint and First Amended Complaint and contests the amount of damages being claimed by the Plaintiff.

4

## NINTH DEFENSE

The Defendant contends that the Plaintiff assumed the risk of injury and damage, and is thereby barred from recovery.

## TENTH DEFENSE

The Defendant asserts that the Plaintiff has failed to mitigate damages as is required by law.

## ELEVENTH DEFENSE

The Defendant asserts that to the extent there was a hazard, it was or should have been open and obvious to the Plaintiff.

## TWELFTH DEFENSE

The Defendant avers that some or all of Plaintiff's claims are barred by release, laches, waiver, set off and/or estoppel.

## THIRTEENTH DEFENSE

The Defendant denies that it had actual or constructive notice of any alleged unsafe condition as is alleged in the Complaint and First Amended Complaint.

## FOURTEENTH DEFENSE

The Defendant denies that any act or omission on its part was a proximate cause of any injury to the Plaintiff.

## FIFTEENTH DEFENSE

The Defendant avers that it owed no duty to the Plaintiff as is alleged in the Plaintiff's Complaint and First Amended Complaint.

## SIXTEENTH DEFENSE

Defendant denies that it breached any duties allegedly owed to the Plaintiff.

5

## SEVENTEENTH DEFENSE

The Defendant avers that the Plaintiff's claims are barred, in a whole or in part, because Plaintiff failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

## EIGHTEENTH DEFENSE

The Defendant avers that the Plaintiff's claims are barred by the applicable statute of limitations.

## NINETEENTH DEFENSE

The Defendant avers that Plaintiff assumed the risk of conditions present and the dangers inherent therein.

## TWENTIETH DEFENSE

Defendant denies that it is guilty of any conduct for which punitive damages could or should be awarded, and further denies that the Plaintiff has produced clear and convincing evidence to support or sustain the imposition of punitive damages against the Defendant.

## TWENTY-FIRST DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

## TWENTY-SECOND DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

6

DOCUMENT 19

### TWENTY-THIRD DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-FOURTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-FIFTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTY-SIXTH DEFENSE

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### TWENTY-SEVENTH DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### TWENTY-EIGHTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-NINTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine.

### THIRTIETH DEFENSE

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Ala. Code (1975), §6-11-21.

### THIRTY-FIRST DEFENSE

The Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

### THIRTY-SECOND DEFENSE

Against any damages claimed by Plaintiff, the Defendant asserts as a defense, credit, or set-off any settlement (and any monies paid pursuant thereto) between Plaintiff and any other

8

person or entity and any monies paid to or on behalf of Plaintiff, by any source, for injuries or damages suffered in the incident made the basis of this case.

## THIRTY-THIRD DEFENSE

The Defendant gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case, and hereby reserves its right to amend its Answer to the Complaint and Amended Complaint to assert such defenses.

/s/ Marda W. Sydnor
**MARDA W. SYDNOR**
Attorney for Defendant

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
205-326-6600
msydnor@pljpc.com

### THE DEFENDANT DEMANDS TRIAL BY STRUCK JURY
### ON ALL ISSUES IN THIS CAUSE.

/s/ Marda W. Sydnor
**MARDA W. SYDNOR**

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone:    (205) 326-6600
msydnor@pljpc.com

9

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Mr. James Michael Perry
Wettermark & Keith, LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL  35243
mperry@wkfirm.com

This the 4th day of March, 2019.

s/Marda W. Sydnor
OF COUNSEL

10

# DEFENDANT'S
# EXHIBIT B

Case 4:19-cv-00382-SGC   Document 1   Filed 03/04/19   Page 51 of 66



HOW TO USE
WHITEPAGES

Get complete **contact info,**
including mobile numbers
and addresses.

Get the fastest, simplest
**background checks** out
there when you need to
know more about
someone in your life.
Powered by
SMART✓CHECK

# 705 records**705 records for Suzanne Borden**

Show Filters ▼

Hide Filters ▲ Show Filters ▼

Show more Premium results ⌄    Hide Premium results ⌃



Age
50s

## Suzanne Madge Borden

Hot Springs National Park, AR



Other Locations
Tulsa, OK (Mingo Valley Estates)
Morrilton, AR
Houston, TX
May Go By
Suzanne Madge Belford, Suzanne Madge Holcomb
Family
Billy Joe Holcomb Sr.
Jo Evelyn Holcomb
Bradely S Borden
Beverly Phylis Borden
Madge S Borden



Show all locations and family ⌄

  View details ▶

Age
60s

## Suzanne Lynn Borden

Oswego, NY



May Go By
Suzanne Lynn Brooks
Family
Brian B Borden
Rebecca A Borden
Robin J Skidmore
Kayla Lee Brooks
Elizabeth M Borden



Show all locations and family ⌄

  View details ▶

Age
40s

## Suzanne Denise Borden

Russellville, AL



Family
Adam Christopher Borden
Christopher Heath Borden



Show all locations and family

View details ▶

Age
60s

## Suzanne L Borden

Mexico, NY



Family
Elizabeth M Borden
Amy F Borden
Robert W Borden II
Brian B Borden



Show all locations and family

View details ▶

Age
20s

## Suzanne Borden

Russellville, AL




Family
Adam Christopher Borden
Christopher Heath Borden



Show all locations and family ⌄

View details ▶

Age
50s

## Suzanne R Borden

Maynard, MA (Downtown Maynard)




Other Locations
Watertown, MA
Chelmsford, MA

May Go By
Suzanne R Russo

Family
John R Borden
Elizabeth Tracey Pearce
Sluzi Borden



Show all locations and family

View details ▶

Age
50s

## Suzanne Michelle Borden

Tipp City, OH



Other Locations
Troy, OH
Vandalia, OH
Navarre, OH
Avon, OH
Akron, OH
May Go By
Suzanne Michelle Hug, Suzanne Michelle Snyder
Family
Douglas D Borden
Stephanie Elizabeth Snyder
William Lawrence Hug
Patricia Lynn Schmidjell
Ruth E Skeen



Show all locations and family

View details ▸

Age
50s

## Suzanne Scott Borden

Gadsden, AL



Other Locations
Rainsville, AL
Birmingham, AL
May Go By
Suzanne Scott Scott, Suzanne Scott Rogers
Family
Timothy Mark Rogers
Teresa W Rogers
Aimee Suzanne Borden
Emily Michele Borden
Christopher Blake Leach



Show all locations and family

View details ▸

Age
80+

## Suzanne Borden

Douglassville, PA



Other Locations
Bedford, NH
Bluffton, SC
Boca Raton, FL
May Go By

Suzanne Richarbord, Suzanne Richard Bord
Family
Thomas Edward Borden
Borden Tom
Brian T Borden
Diane Marie Borden
David Scott Borden
David Borden
Richard Carl Borden



Show all locations and family

View details ▶

Age
50s

# Suzanne E Borden

Redondo Beach, CA (North Redondo Beach)




Other Locations
Playa del Rey, CA
Los Angeles, CA
Hawthorne, CA
Inglewood, CA
Rolling Hills Estates, CA
May Go By
Suzanne E Hills
Family
Adam W Robinett
Lisa E Borden
Jack O Heyden
Carmen A Bonas
Roxanne Kt Hill
Robert S Borden



Show all locations and family

View details ▶

Age
60s

# Suzanne M Borden

Phoenix, AZ (South Mountain)




Other Locations
Glendale, AZ
Saint Paul, MN
May Go By
Suzanne M Rooney
Family
Barbara Ann Anderson
Aini A Chin
Stacey Lyn Anderson
Daniel Lee Borden



Show all locations and family

View details ▶

Age
30s
## Suzanne M Borden

Spokane, WA (Northwest Spokane)



Family
Mark Alfred Borden
Christine E Borden
Thomas Nelson Borden
Belinda Black Borden
Stephanie M Borden


Show all locations and family ▾

View details ▶

Age
80+
## Suzanne Beaty Borden

Pauma Valley, CA




Other Locations
Glendale, CA
Family
Mary Ann C Borden
Steven Thomas Borden
Katherine B Thielicke
Scott Marvin Borden
Chase Michael Borden


Show all locations and family ▾

View details ▶

Age
60s
## Suzanne L Borden

Westport, MA




Family
Barry A Borden
Shelly P Borden
Dale Lynn Bertoncini IV
Troy D Borden
David B Bertoncini


Show all locations and family ▾

View details ▶

Age
50s

## Suzanne B Borden

Brooklyn, NY (Southwestern Brooklyn)



**Other Locations**
Cranford, NJ

**Family**
Danielle A Sparandera
Laurie Ann Brekke
Vidar Brekke
Brekke Laurie
Jennie R Occhiogrosso
Rima S Borden
Myron S Borden



Show all locations and family

View details ▶

1. 1
2. 2
3. 3
4. ⋯
5. 10
6. 〉

## Why use Whitepages?

We have information on 705 results for Suzanne Borden , including phone numbers and addresses. We also found 493 background checks for Suzanne Borden , including criminal records.

Every second, Whitepages helps 19 people do reverse phone lookups, find people, and get background reports, including public records, in order to make smarter, safer decisions.

## What is Whitepages?

Whitepages, founded in 1997, helps you stay in contact with and verify the people in your world. More than 35 million people per month use our free and premium people search engine and background checks to reconnect with friends and family, keep contacts up to date, and verify identities. In addition, leading companies like Jet Blue, Lego and Intuit use Whitepages to help prevent fraudulent transactions while delivering great online experiences.

© 2019 Whitepages Inc.



Suzanne Borden

Timeline   About   Friends   Photos   More ▾

Add Friend   Message

**About**

To see what she shares with friends, send her a friend request.

Add Friend

**Overview**

Work and Education

Places She's Lived

Contact and Basic Info

Family and Relationships

Details About Suzanne

Life Events

Registered Nurse Supervisor at Public
health and Registered Nurse (RN) at
Gadsden Regional Medical Center
Past Veterans Health Administration and
Birmingha Veterans Administration Medical Center

Studied Master of Science · Nursing at
University of Phoenix
Past Westminster Christian School Gadsden
Alabama

Lives In Gadsden, Alabama
From Gadsden, Alabama

No relationship info to show

**Friends**

All Friends   Recently Added   College   Current City   Hometown

Add Friend

# DEFENDANT'S
# EXHIBIT C

Case 4:19-cv-00382-SGC   Document 1   Filed 03/04/19   Page 59 of 66

Find Jobs    Company Reviews    Find Salaries    Find Resumes    Employers / Post Job    Upload your resume    Sign In

Company name                                                                          Find Companies

## Gadsden Regional Medical Center

**3.4**        98 reviews        **Follow**

Get weekly updates, new jobs, and reviews

Snapshot    Why Join Us    **98 Reviews**    **33 Salaries**    Photos    **63 Jobs**    **12 Q&A**

# Gadsden Regional Medical Center - Nursing Salaries in Gadsden, AL

Claimed Profile

Salary estimated from 9 employees, users, and past and present job advertisements on Indeed in the past 36 months.

Salary satisfaction.

| Job Category | Location |
|---|---|
| Nursing | Gadsden |

**32%**

## Nursing

|  | AVERAGE SALARY | SALARY DISTRIBUTION |
|---|---|---|
| **Registered Nurse**<br>4 salaries reported | **$42,972** per year | |

Few people think they are paid fairly at Gadsden Regional Medical Center

Based on 58 ratings

Add your rating

## Browse all Gadsden Regional Medical Center salaries by category

Popular Gadsden Regional Medical Center Jobs

Cleaning & Sanitation
Nursing

## How much does Gadsden Regional Medical Center - Nursing in Gadsden, AL pay?

Gadsden Regional Medical Center salaries vary between titles and locations. Our data is collected directly from employees and jobs on Indeed.

Salary information comes from 9 data points collected directly from employees, users, and past and present job advertisements on Indeed in the past 36 months.

Please note that all salary figures are approximations based upon third party submissions to Indeed. These figures are given to the Indeed users for the purpose of generalized comparison only. Minimum wage may differ by jurisdiction and you should consult the employer for actual salary figures.

Common benefits at Gadsden Regional Medical Center

401K Plan

Employee Discounts

Health Insurance

Life Insurance

Benefit information is collected from job descriptions and reviews about Gadsden Regional Medical Center on Indeed.com.

Add your benefits

Questions about Gadsden Regional Medical Center

How did you get your first interview at Gadsden Regional Medical Center?
5 people answered

How do you feel about the future of Gadsden Regional Medical Center?
5 people answered

Did you find this information useful?
Provide feedback to help us improve

What benefits does the company provide?
5 people answered

Show more

**What people say about working at Gadsden Regional Medical Center**

**3.0**

**Fast-pace work atmosphere**

Great starting point for your career Get required skills and move on Little room for advancement Moderate turn over rate Family orientate Minimum training

Admitting Clerk (Former Employee)
Gadsden, AL - October 19, 2018

**4.0**

**Good employer close to home**

I love the people I work with, like that it is close to home, pay is average. Turnover rate is quite high and I'm not sure they are doing much to try to control that.

Staff RN (Former Employee)
Gadsden, AL - July 24, 2018

Read more Gadsden Regional Medical Center reviews about Pay & Benefits

Gadsden Regional Medical Center  ›  Salaries  ›  Nursing  ›  Alabama  ›  Gadsden, AL

Company name

**Find companies**

Jobs - Career Advice - Hiring Lab - Browse Jobs - Tools - Employer Events - About - Help Center

© 2019 Indeed - Cookies, Privacy and Terms

Did you find this information useful?
Provide feedback to help us improve

# DEFENDANT'S
# EXHIBIT D



**WETTERMARK KEITH**
PERSONAL INJURY LAWYERS
Enjoice Your Case Matters

1500 Grandview Parkway
Suite 300
Birmingham, AL 35243
ph  205-933-9500
tf   800-533-9293
fx  205-977-3651
WKFirm.com

August 17, 2018


Sarah Qualls
Claims Management, Inc.
P.O. Box 14731
Lexington, KY 40512-4731

RE:     *Settlement Demand*
         Our Client:            Suzanne Borden
         Your Insured:          Wal-Mart
         Date of Incident:      06/02/2017
         Claim Number:          3080852

Dear Sarah:

        As you know, we represent Suzanne Borden for injuries sustained in a fall at the Wal-Mart located in Attalla, Alabama.   Mrs. Borden fell when the toe end of her right foot became caught in a pallet underneath a large box of watermelons situated inside the store of your insured.  Ms. Borden was unaware of the exposed gap in the pallet underneath the box when she stepped toward the box to grab a watermelon.  After picking up the watermelon, she turned to her right and her foot became caught underneath the pallet, causing her to lose balance and fall on her right side.

        As a result of her fall, she suffered a right hip fracture, requiring surgery and the installation of hardware to repair the fracture.  Despite a long road to recovery through physical therapy, she never returned to baseline with the use of right lower extremity and she remains permanently injured.

        We believe liability in this case is clear, in that Wal-Mart and/or its employees or agents negligently created a hazardous condition on its premises (i.e. placing a wooden pallet on the shopping area floor with an exposed opening) that caused Ms. Borden's fall.  Accordingly, your insured's notice of the existence of this hazardous condition is presumed as a matter of law. *See*, e.g., *Denmark v. Mercantile Stores, Inc., supra* (customer who tripped over a roll of plastic shopping bags was not required to establish store's actual or constructive knowledge of the hazard because the store's employees created the hazard); *Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 864 (Ala. 2001)(customer who tripped over a barbecue grill that was protruding from a box was not required to establish store's actual or constructive knowledge of the dangerous condition when the store's employees created the dangerous condition); and *Wal-Mart Stores, Inc. v. McClinton*, 631 So. 2d 232, 234 (Ala. 1993)(customer who jammed his foot on a gun cabinet protruding into the store aisle was not required to establish store's actual or constructive knowledge of the hazardous condition when evidence indicated that hazardous condition was created by store's employees).

1

Even more concerning, however, is that a Russell County, Alabama, jury recently returned a $7.5 million verdict against Wal-Mart in case that is factually similar to this case. *See "Phenix City man fell while buying a watermelon. Now Walmart will pay him $7.5 million," Columbus Ledger-Enquirer*, November 8, 2017 (https://www.ledger-enquirer.com/news/local/article183570471.html). The jury in that case awarded $2.5 million in compensatory damages and $5 million in punitive damages to the plaintiff for his injuries, which included a broken foot and hip.

Likewise, Ms. Borden hereby demands $2.5 million to settle her personal injury claims against your insured. In support of this demand, please consider the attached documents. (*See* attached document table).

In short, Ms. Borden's injuries include, but are not limited to:

6/2/2017 –

- EMS personnel with A-Med Ambulance Service respond to the Wal-Mart in Attalla in reference to a report of a customer falling in store (BORDEN000002)
- They locate Ms. Borden, she is complaining of pain in right knee, right leg, lower extremity (BORDEN000002)
- She is transported to Gadsden Regional Medical Center ("Gadsden RMC") ((BORDEN000005)
- Pain 10/10 on pain scale upon arrival at Gadsden RMC (BORDEN000029)
- She informed treatment providers at Gadsden RMC that she was shopping for a watermelon and her foot got caught under a pallet, causing her to fall; she was not able to bear weight on her right leg (BORDEN000012)
- At time of fall she exercised by walking 1-2 week (BORDEN000012)
- X-ray revealed right intertrochanteric hip fracture (BORDEN000054)
- Positive for Back Pain, Joint Pain (BORDEN000054)
- Reports hip pain radiating down into the knee and into the inner thigh (BORDEN000039)
- Heart murmur aggravated by elevated heart rate (BORDEN000012)

6/4/17 –

- Anesthesia applied, undergoes surgery for implant of intramedullary rod with gamma nail transfixing intertrochanteric hip fracture (BORDEN000056)

6/8/17 –

- Discharged from Gadsden RMC with weight bearing restrictions on right leg, referred to orthopedic and physical therapy; Home Hospice Care (Home Health) recommended (BORDEN000022)

2

**6/9/17 - 7/20/17 –**

- Healthsouth Rehab Hospital of Gadsden ("Healthsouth"), PT Assessment notes Borden has impaired gait, balance deficits, Range of Motion deficits, pain, mobile by wheelchair (BORDEN000115)
- Borden admitted to Healthsouth because she wants to regain her prior level of function; prior to fall she could walk independently, post fall can only walk 50 feet with minimal assistance (BORDEN000103)
- At Healthsouth, Borden uses walker and wheelchair to ambulate (BORDEN000154)
- At discharge from Gentiva Home Health (7/20), Borden pain is 4/10, worse with activity (BORDEN000540)

**7/24/17 - 11/7/17 –**

- Borden completes 41 therapy visits at Drayer Physical Therapy (BORDEN000165)
- Discharged without having met full goals for returning to baseline, flexion, extension, abduction, adduction, internal and external rotation, trouble doing exercises due to pain (BORDEN000166)

Additionally, as of March 26, 2018, the charges submitted by the medical providers who treated Ms. Borden's injuries total $188,325.96. Of which, her insurer Blue Cross Blue Shield, maintains a subrogation lien in the amount of $42,643.90. Ms. Borden has spent $1,272.65 in co-payments and deductibles out of her own pocket for this treatment. (BORDEN000600).

For Ms. Borden's sake, we wish to bring this matter to close without the need to engage in litigation. I hope you agree.

Please accept this as our formal demand that $2,500,000 be tendered within the next fourteen (14) days to compensate Ms. Borden for her injuries.

I look forward to working with you in resolving this claim. If you should have any questions or concerns, please do not hesitate to contact me.

Respectfully,

Mike Perry

Enclosure:   BORDEN000001-603

JMP/wd

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

SUZANNE BORDEN,              )
                                   )
                                   )
   Plaintiff,              )
                                   )
v.                          )   **CIVIL ACTION CV 2019-900082**
                                   )
WAL-MART ASSOCIATES, INC., et al.,    )
                                   )
   Defendants.           )

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:** **CLERK OF CIRCUIT COURT AND ALL PARTIES HERETO AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on this 4th day of March, 2018, Defendant **WAL-MART STORES EAST, L.P., incorrectly designated in the Complaint as WAL-MART ASSOCIATES, INC.,** filed in the United States District Court for the Northern District of Alabama, Middle Division, its Notice of Removal of this action to that Court. Full and true copies of said Notice of Removal, including all exhibits, are herewith served upon you.

                                     /s/ Marda W. Sydnor
                                     **MARDA W. SYDNOR**
                                     Attorney for Defendant

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Mr. James Michael Perry
Wettermark & Keith, LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL  35243
mperry@wkfirm.com

This the 4th day of March, 2019.


/s/ Marda W. Sydnor
_____

3